IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

| | |
|---|---|
| CITY OF HELENA,<br>STATE OF MONTANA,<br><br>    Plaintiff,<br><br>vs.<br><br>DEBORAH BRAZINGTON,<br><br>    Defendant. | CV 11-78-M-DWM-JCL<br><br>ORDER, and<br>FINDINGS AND<br>RECOMMENDATIONS |

_____

## I. INTRODUCTION AND *IN FORMA PAUPERIS* APPLICATION

Defendant Deborah Brazington, proceeding pro se, has filed a Motion to Proceed In Forma Pauperis. Brazington submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears she lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Brazington's Motion to Proceed In Forma Pauperis is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Brazington's Notice of Removal and her Emergency Motion for Estoppel as of the filing date of her request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary

1

screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Brazington's pleadings to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II.  BRAZINGTON'S ALLEGATIONS

Brazington has submitted two documents for filing which are titled as follows: (1) Notice of Removal, and (2) Emergency Motion for Estoppel. Review of those documents reflects that the subject of this action stems from criminal proceedings currently pending against Brazington in the Municipal Court of the

2

City of Helena, Montana. Brazington explains that in October, 2009, she was fined $280 for the offense of driving a motor vehicle when her driver's license was suspended. Brazington asserts she has been financially unable to pay the fine and, consequently, in March, 2011, she was arrested for contempt of court apparently for not paying the $280 fine. Brazington's documents indicate she was later released from that custody. A hearing in her case was scheduled for May 11, 2011. Brazington states that on the day of the scheduled hearing "a warrant of some type" was issued for her.

In this action, Brazington asserts her Constitutional rights are being violated in the criminal proceedings pending in Municipal Court in Helena. Specifically, she claims she is being deprived of the rights secured her by the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Thirteenth and Fourteenth Amendments to the United States Constitution. Brazington seeks to remove the Municipal Court criminal proceedings to this Court. Further, for her relief — as stated in her emergency motion — Brazington requests an order barring the Municipal Court "from scheduling appearances, hearings, enforcing any wants [sic] or warrants, and from issuing or attempting to enforce any new order, judgment, writ, or warrant, and [...barring the court from] facilitat[ing] or initiat[ing] any document or action of any type against, or regarding this defendant, civil or criminal."

## III. DISCUSSION

Because Brazington is proceeding pro se the Court must construe her pleadings liberally, and the pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).

Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Because Brazington's claims, as framed, "aris[e] under the Constitution", the Court has subject matter jurisdiction under 28 U.S.C. § 1331. Despite possessing federal question jurisdiction, the nature of Brazington's claims are such that the Court must abstain from exercising that jurisdiction.[1]

---

[1] Because Brazington commenced this action by filing a "Notice of Removal", the Court deems it appropriate to consider whether this matter falls within the scope of the removal provisions set forth in 28 U.S.C. § 1443. Section 1443 provides, inter alia, for the removal of certain criminal prosecutions in state courts where a petitioner is being deprived of "a right under any law providing for the equal civil rights of citizens of the United States[.]" That removal procedure,

There is a strong policy against federal intervention in pending state judicial processes in the absence of extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). *See also Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004) (quoting *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982)). "*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state or local criminal proceedings. *Gilbertson*, at 381 F.3d at 968.[2]

The Ninth Circuit has concluded that the federal courts must abstain under *Younger* if the following four requirements are met:

---

however, may only be invoked in limited circumstances where (1) the removal petitioner's criminal defense is premised upon "rights that are given to [the petitioner] by explicit statutory enactment protecting equal racial civil rights[,]" and (2) as a matter of law, the state court will not enforce or protect the referenced federal rights. *State of California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1971) (citing *Georgia v. Rachel*, 384 U.S. 780 (1966) and *Greenwood v. Peacock*, 384 U.S. 808 (1966)). Brazington's allegations in her pleadings do not present any facts that invoke the provisions of 28 U.S.C. § 1443 under the limited circumstances described. Thus, the Court will construe Brazington's pleadings as a civil action commenced under authority of Fed. R. Civ. P. 3.

[2]Federal courts may raise the issue of *Younger* abstention sua sponte. *See Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976) and *The San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n.5 (9th Cir. 1998).

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves.

*City of San Jose*, 546 F.3d at 1092 (citing *Gilbertson*, 381 F.3d at 978, and *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir.2007)).

Where applicable, *Younger* abstention is mandatory. Absent exceptional circumstances, the district courts do not have discretion to avoid the doctrine if the elements of *Younger* abstention exist in a particular case. *City of San Jose*, 546 F.3d at 1092 (citation omitted). The recognized exceptional circumstances are limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id*., (quoting *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)).

All of the elements of *Younger* abstention are established in this case. First, Brazington's allegations establish that ongoing criminal proceedings are pending against her in Municipal Court in the City of Helena.

Second, the referenced criminal proceedings implicate important state interests. The State of Montana, through its state and local prosecuting offices, has a significant state interest in prosecuting conduct that constitutes a criminal

6

offense under the laws of Montana. This Court may not interfere with those interests when that prosecutorial process is ongoing as alleged by Brazington.

Third, with regard to Brazington's opportunity to raise any issue, or to assert any Constitutional right in the Municipal Court — matters that she is attempting to present to this Court — she bears the burden to establish "that state procedural law bar[s] presentation of [her] claims[]" in the Municipal Court proceedings. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (quoting *Moore v. Sims*, 442 U.S. 415, 432 (1979)). Brazington has not set forth any allegation suggesting she will be barred from presenting any issues to the Municipal Court. And ultimately prosecute an appeal with respect to any adverse judgment. Mont. Code Ann. § 110. To the contrary, she has opportunities under Montana law, and the laws and rules of criminal procedure set forth in Title 46, Mont. Code Ann., to file motions, or to request certain forms of relief from the Municipal Court to address the alleged violations of her Constitutional rights as pled in this case. Mont. Code Ann. §§ 46-1-103 and 46-17-401.

Fourth, Brazington seeks to have this Court enjoin the Municipal Court and to bar it from taking any further action in the criminal matters currently pending against her in that court. Thus, this federal court action would enjoin those

proceedings, or have the practical effect of doing so, and would interfere with the Municipal Court proceedings in a way that *Younger* disapproves.

Finally, Brazington has not identified any exceptional circumstances that would render *Younger* abstention inapplicable. Therefore, **IT IS HEREBY RECOMMENDED** that this action be **DISMISSED** without prejudice.

In view of her pro se status, however, the Court will afford Brazington an opportunity to file an amended pleading that states claims for relief that may not be barred under the doctrine of *Younger* abstention. Therefore, **IT IS ORDERED** that Brazington may file an amended complaint setting forth short and plain allegations against a specific defendant (or defendants), and she shall do so on or before **June 24, 2011.** The Clerk of Court is directed to provide Brazington with a form for filing her amended complaint.

At all times during the pendency of this action, Brazington SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of this action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

If Brazington fails to timely comply with the provisions of this Order the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963

F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

Also, if Brazington does not file an amended complaint as permitted above, this action will be subject to dismissal under the doctrine of *Younger* abstention as discussed above.

DATED this 27th day of May, 2011.

                                        /s/ Jeremiah C. Lynch
                                        Jeremiah C. Lynch
                                        United States Magistrate Judge